**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF SIEMENS INDUSTRY, INC., AND SIEMENS INDUSTRY, INC., a Delaware corporation, | ) ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No.   14-cv-3012 |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND 1400 American Lane Schaumburg, IL  60196 | ) ) ) ) ) |
| LIBERTY MUTUAL INSURANCE COMPANY 175 Berkeley Street Boston, MA  02116 | ) ) ) ) |
| THE CONTINENTAL INSURANCE COMPANY 333 S. Wabash Ave. Chicago, IL  60604 | ) ) ) ) |
| GRUNLEY/GOEL JV E, LLC, 6201 Dix Street, NE Washington, DC 20019 | ) ) ) ) |
| MBJ CONTRACTING, INC. 8217 Cryden Way District Heights, MD   20747 | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT UNDER MILLER ACT AND FOR BREACH OF CONTRACT

NOW COMES the United States of America, for the use and benefit of Siemens Industry,

Inc. and Siemens Industry, Inc., plaintiff herein ("Plaintiff" or "Siemens"), by and through its

attorneys of record, and for its Complaint Under the Miller Act and for Breach of Contract

6037157.1

against Fidelity and Deposit Company of Maryland ("Fidelity"), Liberty Mutual Insurance Company ("Liberty"), the Continental Insurance Company ("Continental")[1], Grunley/Goel JV E, LLC ("Joint Venture") and MBJ Contracting, Inc. ("MBJ"), alleges and states as follows:

## BACKGROUND

### Parties, Jurisdiction and Venue

1.      Plaintiff is incorporated under the laws of Delaware with its principal place of business in Buffalo Grove, Illinois.

2.      Siemens manufactures products and provides services relating to building security, life safety and building automation.

3.      Defendant Fidelity is a Maryland corporation that issued the Bond (hereinafter defined) in connection with the Project (hereinafter defined).  This court has personal jurisdiction over Fidelity because it has conducted business in this District, by among other things, issuing the Bond with respect to the Project.

4.      Defendant Liberty is a Massachusetts corporation that issued the Bond in connection with the Project.  This court has personal jurisdiction over Liberty because it has conducted business in this District, by among other things, issuing the Bond with respect to the Project.

5.      Defendant Continental is a Maryland corporation that issued the Bond in connection with the Project.  This court has personal jurisdiction over Continental because it has conducted business in this District, by among other things, issuing the Bond with respect to the Project.

---

[1] Defendants Fidelity, Liberty and Continental are collectively referred to as "Sureties".
6037157.1

6.     Defendant Joint Venture is a Maryland limited liability company.  This court has personal jurisdiction over Defendant Joint Venture because it conducts business in this District by supplying labor and materials to construction projects in this District, including the Project, which is located in Patuxent River, Maryland.

7.     Defendant MBJ is a Maryland corporation.  This court has personal jurisdiction over MBJ because MBJ conducts business in this District by supplying labor and materials to construction projects in this District including the Project, which is located in Patuxent River, Maryland.

8.     This Court has subject matter jurisdiction over Count I of this action because that claim arises under 40 U.S.C. 270b(b), commonly known as the Miller Act (the "Act").

9.     This Court has subject matter jurisdiction over Count II pursuant to 28 U.S.C. 1367 because that claims against MBJ is so related to the claims in the original action (Count I) under the Miller Act that they are part of the same case or controversy.

10.     Venue in this District is proper under 28 U.S.C. § 1391(a)(2) as the actions or omissions giving rise to this lawsuit occurred in this District.

## COUNT I
### (Miller Act Claim)

11.     Plaintiff adopts and realleges paragraphs 1 through 10 of Background herein as paragraph 11 of Count I.

12.     Prior to November 9, 2010, the United States Department of the Navy contracted with Joint Venture as general contractor for the construction or improvement of the Patuxent River Naval Air Station located in Patuxent, Maryland (the "Project") under Contract No.

6037157.1

N40080-11-C-0151 ("General Contract").  A copy of said contract is unavailable to Plaintiff at this time.

13.     Prior to July 12, 2012, Joint Venture entered into a subcontract agreement with MBJ in connection with the Project.

14.     On or about July 12, 2012, Plaintiff entered into a subcontract agreement (the "Subcontract") with MBJ whereby it agreed to furnish certain temperature control systems to the Project.  A true and correct copy of the Subcontract is attached hereto as **Exhibit A**.

15.     Pursuant to 40 U.S.C. §270a, on November 9, 2010 the Joint Venture obtained from Sureties a bond as surety (bond no. 9000-0045) (the "Bond") for the protection of all persons supplying labor and material in the construction of the Project provided for in the General Contract.  A true and correct copy of the Bond is attached hereto as **Exhibit B**.

16.     Pursuant to its Subcontract, Plaintiff delivered the materials to the Project and performed everything necessary to complete its portion of the General Contract and has otherwise fully completed all it was required to do.

17.     Plaintiff completed its work on October 31, 2013 and was entitled to payment under the Subcontract.  It has made demand for the amounts due but the MBJ has failed and refused to pay to Plaintiff the amount due it under the contract.

18.     On August 20, 2013, Plaintiff demanded payment from Sureties under the Bond. A true and correct copy of Plaintiff's bond notice is attached hereto as **Exhibit C**.

19.     After allowing all just credits, deductions and set-offs, there remains due and owing to Plaintiff the sum of $200,059.

WHEREFORE, the United States of America for the use and benefit of Siemens Industry, Inc. and Siemens Industry, Inc., Plaintiff herein, respectfully requests that a judgment be entered in its favor and against the Defendants, Fidelity and Deposit Company of Maryland, Liberty Mutual Insurance Company, the Continental Insurance and Grunley/Goel JV E, LLC, jointly and severally, in the amount of $200,059, plus costs.

## COUNT II
### (Breach of Contract – MBJ)

20.     Plaintiff adopts and realleges paragraphs 1 through 19 of Count I herein as paragraph 20 of Count II.

21.     MBJ has breached its contract with Plaintiff by failing to pay to Plaintiff the amounts due it for the labor and materials furnished to the Project by Plaintiff in accordance with the Subcontract despite Plaintiff's demand therefore.

WHEREFORE, Siemens Industry, Inc., plaintiff herein, respectfully requests that a judgment be entered in its favor and against the Defendant MBJ Contracting, Inc. in the amount of $200,059, plus costs.

Respectfully submitted,

THOMPSON COBURN LLP

/s/ Harvey A. Levin
Harvey A. Levin (Federal Bar No. 03163)
THOMPSON COBURN LLP
1909 K Street, N.W., Suite 600
Washington, DC 20006
202-585-6942 (direct); 202-505-1013 (fax direct)
Email address: hlevin@thompsoncoburn.com

Counsel for *United States of America for the Use and Benefit of Siemens Industry, Inc., and Siemens Industry, Inc.*

6037157.1

-5-